# In the United States District Court for the Southern District of Georgia Brunswick Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| Plaintiff-Appellee, | : | |
| v. | : | |
| JAMES PERRY FIELDS, | : | |
| Defendant-Appellant. | : | NO. PO204-039 |

### O R D E R

The government charged James Perry Fields by information with failure to pay child support, as a misdemeanor offense. On May 5, 2005, with the parties' consent, U. S. Magistrate Judge G. R. Smith presided over a bench trial of the petty offense, and found Fields guilty.

Presently before the Court is Fields' appeal of his conviction, which lies in this court in the first instance. 18 U.S.C.A. § 3402 (2005 Supp.). Because the law does not require proof that Fields had knowledge of the interstate nexus giving rise to federal jurisdiction, the Court will **AFFIRM** the conviction.

AO 72A
(Rev. 8/82)

## BACKGROUND

In 1979, Fields married Claire Holland. The couple moved to Glynn County, Georgia, and were both local attorneys. In 1984, Holland gave birth to their son, James Gentry Fields, who was born with Down syndrome. In 1987, the couple divorced. In 1988, Holland and their son moved from Brunswick to Atlanta. Fields asserts that he has not seen his son since February 14, 1993, and that Holland has kept her location, and her son's whereabouts, a secret since that time.

The divorce decree obliged Fields to pay Holland $600.00 per month in child support until their son's eighteenth birthday. The decree also required each parent to keep the other fully informed of the child's health and whereabouts while having possession of him, during custody or visitation. In August 1993, in retaliation for Holland's behavior, Fields decided to quit paying his child support obligations.[1]

In 1994, the Superior Court of Glynn County entered an order of contempt against Holland for her failure to meet her obligations under the divorce decree. After 1994, Holland and

---

[1] At trial, Holland disputed these facts, alleging that Fields knew where they lived, never asked to see their son, and refused to pay his son's medical expenses, as was required of him under the divorce decree.

their son moved from Atlanta to Orlando, Florida; then to Dothan, Alabama; next to Washington, D.C.; and back to Orlando. According to Fields, Holland refused to keep him apprised of their son's whereabouts while he was growing up in these different locations. During this time, the only way Fields could contact Holland was to send mail to her address listing with the Georgia Bar (which was in Atlanta), and the mail was then forwarded to her then-current address, which was always outside of Georgia.

Fields asserts that Holland never told him that she moved from Georgia. Instead, he asserts that Holland's behavior gave him the impression that she and their son still lived in the state. Holland had a Georgia driver's license until 2002, and she was registered to vote in Georgia until 2001. Moreover, Holland listed her address in the State Bar directory as being in Atlanta until the 2003-04 directory was published. Because his son turned eighteen in 2002, Fields maintains that he never knew that his son resided outside of the state before James Gentry Fields reached the age of majority.

AO 72A
(Rev. 8/82)

**DISCUSSION**

The Child Support Recovery Act ("CSRA") provides that failure to pay a child support obligation is a federal offense if a parent "willfully fails to pay a support obligation with respect to a child who resides in another State, if such obligation has remained unpaid for a period longer than 1 year, or is greater than $5,000[.]" 18 U.S.C.A. § 228(a)(1) (2000).

Fields argues that the government was obliged to prove that he knew that his son resided in another state, or the statute is rendered a strict liability offense, which is rare and disfavored at law. Yet, the law prohibits a parent from <u>willfully</u> failing to pay his child support for more than a year, or <u>willfully</u> allowing his past due support to accumulate to more than $5,000 in arrears. Thus, Fields' argument that the statute creates a strict liability offense is not well-taken. The <u>mens rea</u> requirement of the statute required the government to prove that Fields acted intentionally in failing to pay his child support.

Contrary to Fields' argument, the requirement in the statute that the child be located in another state is the method whereby federal jurisdiction is created under the commerce clause. <u>United States v. Mont</u>, 311 F.3d 993, 997

4

(10th Cir. 2002); United States v. Lewko, 269 F.3d 64, 69-70 (1st Cir. 2001). The government is not required to prove that the defendant has knowledge of the interstate nexus of the crime.

> The significance of labeling a statutory requirement as 'jurisdictional' is not that the requirement is viewed as outside the scope of the evil Congress intended to forestall, but merely that the existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute.

United States v. Feola, 420 U.S. 671, 676-77 n.9 (1975); see also United States v. Drury, 396 F.3d 1303, 1312 (11th Cir. 2005); United States v. Franklin, 586 F.2d 560, 566 (5th Cir. 1978); United States v. Lupino, 480 F.2d 720, 724 (8th Cir. 1973).[2]

---

[2] Fields' other arguments are essentially derivative of this one. First, the rule of lenity has no application in this situation because Defendant was provided with fair warning that his conduct, willful failure to pay child support, was unlawful. Second, during his trial before Judge Smith, Fields did not argue that the CSRA violated the due process clause by creating a "mandatory presumption of guilt" when the government shows that the child resided in a different state than the parent accused of nonpayment. Fields cannot show plain error in the proceedings below with respect to this issue. United States v. Olano, 507 U.S. 725, 731-36 (1993). The Magistrate Judge created no evidentiary presumption. This argument is simply a repackaging of Fields' contention that the government had to prove that he knew that his son was located in another state, and the Court rejects this interpretation.

The Act requires the government to prove "(1) a willful (2) failure to pay (3) a past due support obligation, . . . (4) with respect to a child who resides in another state." <u>United States v. Johnson</u>, 114 F.3d 476, 482 (4th Cir. 1997). The government met this burden in the trial before the Magistrate Judge, and Fields' appeal is without merit.

## CONCLUSION

For the reasons explained above, Field's conviction is **AFFIRMED**. Dkt. No. 42.

**SO ORDERED**, this ___26___ day of June, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)